## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 23 CR 537<br>Hon. John F. Kness |
| NATHANIEL BUTLER-LUDWIG, | |
| Defendant. | |

## DEFENDANT'S MOTION FOR
## CONTINUED RELEASE PENDING SENTENCING

Nathaniel Butler-Ludwig, by his attorneys, Breen & Pugh, pursuant to 18 U.S.C. §§ 3143 and 3145, and the authority cited below, respectfully moves this Honorable Court to permit Mr. Butler-Ludwig to remain on bond pending his sentencing hearing. Mr. Butler-Ludwig states the following in support:

### Introduction

An indictment charges Nathaniel Butler-Ludwig with one count of possession with intent to distribute Methylenedioxymethamphetamine, in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Court placed him on pretrial release on an unsecured $5,000 bond with conditions.

The parties have scheduled a change of plea hearing for September 24, 2024, at 8:45 a.m. The indictment charges Mr. Butler-Ludwig with an offense that carries a maximum term of imprisonment of ten years or more. He now requests this Court to permit him to stay on bond pending his sentencing hearing and allow him an opportunity to self-surrender to the Bureau of Prisons (BOP) pursuant to 18 U.S.C. §

3145 if a sentence of incarceration is imposed.

## Legal Standard

18 U.S.C. § 3143(a)(2) provides in relevant part,

> (2) The judicial officer shall order that a person who has been found guilty of an offense [provided for in the Controlled Substances Act, which carries a maximum term of imprisonment of ten or more years], be detained unless—
>
> (A)
>
> > (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3145(c) specifically refers to § 3143(a) and provides in relevant part,

> A person subject to detention pursuant to section § 3143(a)(2) … and who meets the conditions of release set forth in section 3143(a)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Mr. Butler-Ludwig is subject to detention pursuant to § 3143(a)(2) and meets the conditions of release set forth in § 3143(a)(1), and exceptional reasons exist where detention would not be appropriate at this time permitting release under 3145(c).

Mr. Butler-Ludwig is familiar with the Court's opinion in *United States v. Sosa*, 2023 WL 2139118 (N.D. Ill. Feb. 21, 2023), and respectfully urges the Court to reconsider its position concerning the statutory interpretation of 18 U.S.C. §§ 3143, and 3145(c) for the reasons detailed below.

**Argument**

I. **Defendant Respectfully Urges This Court to Reconsider its Position in *United States v. Sosa*, 2023 WL 2139118 (N.D. Ill. Feb. 21, 2023)**

In *United States v. Sosa*, this Court rendered an opinion that,

[w]here a defendant has, however, been found guilty of certain serious offenses (including many drug offenses), Section 3143 imposes a greater burden: the defendant must immediately be taken into custody to await sentencing unless the defendant can show, not only that he presents no significant flight risk or danger to the community, but also that he is likely to win a directed acquittal (or a new trial) or the government will recommend no sentence of imprisonment … unless the statutory preconditions are met, detention is mandatory and immediate upon a finding of guilt.

2023 WL 2139118, *1. Further, the Court held that § 3145(c) does not provide an independent avenue for release pending sentencing. *Id*. at *4.

A. **Section 3145(c) Is Not an Independent Ground For Release and Does Not Render the Requirements of § 3143(a)(2) Superfluous**

In *Sosa*, the Court reasoned that treating § 3145(c) as an independent ground for release, available even in the absence of review proceedings, threatens to render superfluous the requirements of § 3143(a)(2). 2023 WL 2139118, at *4.

First however, Mr. Butler-Ludwig respectfully disagrees with characterizing § 3145(c) as an independent ground for release. § 3145(c) specifically refers to § 3143(a)(1) and (a)(2) and the statutes work symbiotically. § 3145(c) specifically provides for those instances where a defendant is subject to detention under § 3143(a)(2) (as is Mr. Butler-Ludwig) but meets the conditions of release of § 3143(a)(1) (as does Mr. butler-Ludwig) as long as "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Thus, § 3145(c) is not an independent avenue for relief from § 3143(a)(2). Rather, § 3145 acts as a residual

3

outlet provision affording the district court immense discretion in those instances where detention would not be appropriate. In those instances where a defendant poses no risk of flight, and poses no danger to the community, and exceptional reasons exists making detention inappropriate, then those otherwise subject to detention under § 3143(a)(2), have an avenue of relief. The statutes indeed work in tandem. But § 3145 does not read independently or provide an independent avenue of relief from § 3143(a)(2) because § 3145 explicitly references it.

Here, the language in § 3143(a)(2) is not rendered superfluous, but rather a modification, crediting its full meaning and intent, because § 3145 simply affords a district court discretion where exceptional reasons exist to not detain a defendant.

### B. The Title of § 3145 and § 3145(c) Do Not Foreclose Application to Instances Where an Appeal Is Not Pending

In *Sosa*, the Court reasoned that as "a threshold matter, the title language found in Section 3145 should not be lightly discounted. Section 3145 itself is captioned 'Review and appeal of a release and detention order.' Subsection (c), in turn, is captioned 'Appeal from a Release or Detention Order.'" WL 2139118, at *4. The Court correctly added "[l]anguage in a title is not surplusage." *Id*. Further, the Court referenced the Seventh Circuit opinion, *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992), where the Seventh Circuit did not consider the title of § 3145(c) to be fully controlling. *Herrera-Soto* held that § 3145(c) can apply to any appeal pending and not just an appeal of a detention issue irrespective of the statute's title. *Herrera-Soto*, 961 F.2d at 647.

In this case however, this requires important consideration. While the title of

4

§ 3145 refers to appeals, the substantive operating language of § 3145(c) does not limit its breadth only to appeals. In fact, § 3145(c) explicitly refers to a statute, § 3143, captioned "Release or detention of a defendant pending sentence or appeal," and specifically to § 3143(a), captioned "Release or Detention Pending Sentence."

Thus, the substantive language of § 3145(c) that provides relief from mandatory detention provisions (generally), in conjunction with its explicit reference to a statute captioned, "Release or detention of a defendant pending *sentence or appeal*" (emphasis added), provides for relief beyond appeals; the title of § 3145(c) notwithstanding. While § 3145(c) may bear a title regarding appeals, the body expressly refers, and embodies, a statute that contemplates a pending sentencing *or* appeal. The very nature of § 3143's title compels the conclusion that it considers the absence of an appeal as well as an appeal.

### C.    Nothing In *Herrera-Soto* Holds that § 3145(c) Does Not Apply to to Release Absent Any Appeal

In *Sosa*, the Court noted that "the Seventh Circuit did not explicitly state that Section 3145(c) offers an avenue to release absent *any* appeal." WL 2139118, at *3 (emphasis in original).

Yet, *Herrera-Soto* never stated that § 3145(c) only provides relief for appeals. The facts in *Herrera-Soto* were that the defendant had already filed an appeal, and the Seventh Circuit construed the title language of § 3145(c) within that context. While the Seventh Circuit did not authorize application of § 3145(c) when no appeal was pending, it certainly did not forbid it.

Further, the Seventh Circuit stated, "[t]he 'exceptional reason' provision §

5

3145(c) was added to the Bail Reform Act along with the amendment providing for mandatory detention in certain circumstances. It was therefore included as an avenue of relief from the mandatory detention provisions, *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991), which in turn constitute a portion of the general provisions for release pending appeal." *Herrera-Soto*, 961 F.2d at 647 (cleaned up). The Seventh Circuit relied on *Carr* to interpret § 3145(c)'s expansive language. The Seventh Circuit interpreted § 3145(c) to apply to all issues on appeal and not just issues of detention on appeal because it references the general appeal provisions. Identically, § 3145(c) applies to release when an appeal is not pending for similarly referring to a statute captioned, "Release or detention of a defendant pending sentence or appeal" as is the case for Mr. Butler-Ludwig.

## II. Defendant Poses No Risk of Flight or Danger to the Community

On October 11, 2023, the Court held a detention hearing and denied the government's motion to detain Mr. Butler-Ludwig prior to trial. Dkt. 2. The Court released Mr. Butler-Ludwig on a $5,000 unsecured bond with conditions. *Id.* Since being released, Mr. Butler-Ludwig has appeared punctually in court as required every time.

Mr. Butler-Ludwig has no violent history, nor does the instant case charge him with any violent activity. Thus, there is no evidence to find that Mr. Butler-Ludwig poses a risk of flight or a danger to the community. And the Court should so find accordingly.

6

**III. Exceptional Reasons Exist Under § 3145(c) Rendering Detention Inappropriate at the Change of Plea Hearing**

Congress intended § 3145(c) to provide "an avenue of relief from the mandatory detention provisions" of the Bail Reform Act. *Herrera-Soto,* 961 F.2d at 647. "It provides district courts considerable discretion. The statute does not require that both 'legal and 'factual' grounds exist before release may be ordered. Nor does it preclude releasing a defendant based on 'purely personal circumstances….'" *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wis. 2003). The statute requires the court find that the defendant's situation is sufficiently unique to make detention pending sentencing inappropriate. *United States v. Mitchell,* 358 F. Supp. 2d 707, 708 (E.D. Wis. 2005). This makes a case-by-case analysis essential. *United States v. Kerr*, 2020 WL 1158521, *4 (N.D. Tx. March 10, 2020).

One example of a legal reason is when a defendant has a viable sentencing argument that would reduce his term of incarceration and make detention prior to sentencing inappropriate. *Id.* Even if the defendant is bound to be sent to prison, the unique factual circumstances of his case could make immediate detention inappropriate. *Kaquatosh*, 252 F. Supp. 2d at 778.

Here, Exceptional reasons exist that make detaining Mr. Butler-Ludwig at the change of plea hearing inappropriate or unwarranted. Mr. Butler-Ludwig suffers from Agoraphobia with panic disorder and borderline personality disorder. *See* Exhibit 1 (Mental Health Records). He has sought treatment, and he continues his treatment currently. Mr. Butler-Ludwig has continued his treatment with the same provider and were he to be detained at his change of plea he would no longer be able

to proceed with his same provider.

Mr. Butler-Ludwig has made considerable progress during his treatment and being detained at this time would prove a substantial and unnecessary interruption. Instead, Mr. Butler-Ludwig may continue with his treatment in the interim until he must self-surrender hopefully at a facility that can provide the proper psychotherapy, he requires for treating his diagnoses. It is Mr. Butler-Ludwig's hope that while he remains on release pending sentencing, his continued treatment may better provide the BOP with extra information that may assist the BOP in its designation. A designation that could provide the most effective treatment while serving a custodial sentence.

Further, even if Mr. Butler-Ludwig ultimately receives a custodial sentence, detaining him prior to his sentencing will cause him to be placed in the Chicago Metropolitan Correctional Center (MCC) as a pretrial detainee. Mr. Butler-Ludwig would be housed in the MCC as a pretrial detainee for nearly three months while awaiting sentencing. Once sentenced, he would remain at the MCC until he was designated and ultimately transferred to the institution where he would serve the remainder of his sentence. If allowed to self-surrender, Defendant would report to his designated institution and avoid being housed in the MCC for over two months.

This difference is significant, as Mr. Butler-Ludwig may well be designated to a minimum-security facility. Institutions such as the MCC are administrative facilities charged with special missions, such as the detention of pretrial detainees and are capable of holding inmates in all security classifications. *See BOP: Federal*

*Prisons*, https://www.bop.gov/about/facilities/federal_prisons.jsp (last visited September 10, 2024). Minimum security facilities, also known as camps, have dormitory housing, a low staff to inmate ratio, limited or no perimeter fencing, and are oriented towards work and other programs for inmates. *Id.*

Subjecting a defendant facing a shorter term of incarceration to spending months detained in an administrative facility is an exceptional circumstance. Just as making a defendant who may be sentenced to probation endure the harshness of detention prior to sentencing, causing a defendant who is not a flight risk or a danger to the community to be incarcerated at a more restricted facility with less programs designed for self-improvement or necessary treatment, serves no rational purpose.

## Conclusion

Mr. Butler-Ludwig respectfully requests this Honorable Court to allow him to remain on bond during the pendency of his sentencing, to permit oral argument if necessary, and/or any other equitable relief that this Court deems just and appropriate.

Dated: September 10, 2024     Respectfully Submitted,

By:  /s/ Thomas M. Breen

Thomas M. Breen
Robert W. Stanley
Christopher W. Dallas
BREEN & PUGH
53 West Jackson Boulevard
Suite 1550
Chicago, Illinois 60604
(312) 360-1001

9

tbreen@breenpughlaw.com  
rstanley@breenpughlaw.com  
cdallas@breenpughlaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was served on **September 10, 2024**, in accordance with Federal Rule of Criminal Procedure 49, Federal Rule of Civil Procedure 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.


By:   /s/ Thomas M. Breen